# Illinois Official Reports

## Appellate Court

---

### *Cathay Bank v. Accetturo*, 2016 IL App (1st) 152783

---

| | |
|---|---|
| Appellate Court Caption | CATHAY BANK, f/k/a NAB Bank, Plaintiff-Appellee, v. HELEN R. ACCETTURO; THE UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY; UNKNOWN OWNERS; UNKNOWN TENANTS; and NONRECORD CLAIMANTS, Defendants (Helen R. Accetturo, Defendant-Appellant). |
| District & No. | First District, Second Division<br>Docket No. 1-15-2783 |
| Filed | September 30, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CH-21936; the Hon. Daniel Patrick Brennan, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Eryk Folmer, of Chicago, for appellant.<br><br>Ashen Faulkner, of Chicago (Alexander Wright, of counsel), for appellee. |
| Panel | JUSTICE NEVILLE delivered the judgment of the court, with opinion.<br>Presiding Justice Hyman and Justice Pierce concurred in the judgment and opinion. |

**OPINION**

¶ 1      On September 25, 2013, the plaintiff, Cathay Bank, formerly known as NAB Bank,[1] filed a mortgage foreclosure action against the defendants, Helen Accetturo; United States of America, Department of the Treasury; unknown owners; unknown tenants; and nonrecord claimants, to obtain possession of the property located at 3624 South Paulina Street, Chicago, Illinois, because Accetturo failed to make payments on her note from December 1, 2011, to the present. On June 3, 2014, Accetturo filed an answer and affirmative defenses, which maintained that Cathay Bank failed to satisfy a contractual condition precedent by failing to submit a notice of acceleration prior to filing the foreclosure action. On March 5, 2015, the circuit court entered an order granting Cathay Bank's motion for summary judgment. On March 5, 2015, the circuit court also entered a judgment of foreclosure and sale against Accetturo. On April 3, 2015, Accetturo filed a motion to reconsider. On July 17, 2015, the circuit court entered an order denying the motion to reconsider. On August 27, 2015, the circuit court entered an order approving the report of sale and distribution, confirmed the sale, entered an order of possession, and entered a personal deficiency judgment in the amount of $11,964.86 against Accetturo. The deed was subsequently conveyed to the purchaser on September 9, 2015.[2] On September 25, 2015, Accetturo filed her notice of appeal.

¶ 2      We find that a notice provision with an acceleration clause in a mortgage is a condition precedent and prescribes servicing requirements that a lender must comply with in order for the lender to have a right to file an action to recover possession of a secured property. *Kingdomware Technologies, Inc. v. United States*, 579 U.S. ___, ___, 136 S. Ct. 1969, 1978 (2016); *People v. Pomykala*, 203 Ill. 2d 198, 205-06 (2003). We also find that Cathay Bank failed to comply with the condition precedent in paragraph 21 of the mortgage and that Cathay Bank's failure to give Accetturo the notice required by paragraph 21 divested the lender of its right to file this foreclosure action. Because we find that Cathay Bank had no right to file this foreclosure action, we hold that the circuit court erroneously granted Cathay Bank's motion for summary judgment and abused its discretion when it entered the August 27, 2015, order approving the report of sale and distribution. Accordingly, because Cathay Bank had no right to file this foreclosure action, we reverse the circuit court's March 5, 2015, order granting Cathay Bank's motion for summary judgment and vacate all subsequent orders because Cathay Bank must comply with the notice of acceleration clause in paragraph 21 of the mortgage before filing a foreclosure action.

¶ 3                            BACKGROUND

¶ 4      On January 17, 2003, Accetturo executed a note and mortgage in the amount of $141,000 naming "NAB Bank, it's [*sic*] successors and/or assigns," now Cathay Bank, as the lender. The

---

[1]Cathay Bank informed Accetturo in a March 19, 2012, and in an August 6, 2013, letter that NAB Bank was now known as Cathay Bank.

[2]We take judicial notice of the fact that a deed was conveyed to the purchaser and reported by the Cook County recorder of deeds on September 9, 2015. *Swieton v. Landoch*, 106 Ill. App. 3d 292, 299 (1982) (courts may take judicial notice of a deed filed with the recorder of deeds as such a document is a public record); see also *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 4 n.1.

mortgage contained a "Transfer of the Property or a Beneficial Interest in Borrower" provision in paragraph 17 which provided:

"If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower."

¶ 5    The mortgage also contained an "Acceleration; Remedies" clause in paragraph 21 which provided:

"Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence."

¶ 6    Cathay Bank sent several letters to Accetturo:

(i) On November 22, 2011, Cathay Bank mailed a letter informing Accetturo that her loan with Cathay Bank was "seriously delinquent," that "$8,4205.29" [*sic*] was past due, and that Accetturo should call Cathay Bank to resolve the matter;

(ii) On January 24, 2012, Cathay Bank mailed a second letter to Accetturo stating that the loan was "seriously delinquent," stating that amount past due on the loan was $8700.83 and urging Accetturo to call Cathay Bank to resolve the matter;

(iii) On March 13, 2012, Cathay Bank mailed a third letter, informing Accetturo that the loan was "seriously delinquent" and stating that the amount past due on the loan was $12,183.48, which included the actual loan payments plus late fees and an estimate of collection fees and costs. This notice also urged Accetturo to call Cathay Bank to resolve the matter;

(iv) On March 19, 2012, Cathay Bank mailed a fourth letter to Accetturo entitled "Notice of Intent to Foreclose." This letter informed Accetturo that "Events of Default *** as defined in the Loan Documents, have occurred and are continuing as a result of [Accetturo's] failure to pay to make [*sic*] required monthly payments to [Cathay Bank] that were due on the 1st of the month for the months of December 2011 through March 2012. In addition, the next payment due of April, 2012." The letter further stated "[u]nless Cathay Bank is in receipt of a cashiers [*sic*] check or certified funds for the full amount of the balance due [$11,912.99] on or before April 10, 2012, Cathay Bank may exercise its rights and remedies as provided for in the Guaranty and other related loan documents;" and

(v) On August 6, 2013, Cathay Bank mailed a fifth letter to Accetturo, through counsel, entitled "Notice of Default and Acceleration." This letter informed Accetturo that "pursuant to paragraph 21 and 17 of the Mortgage, the Loan is now accelerated and the entire loan is due." Accetturo was instructed to pay $78,193.65 no later than September 6, 2013. In the event the loan amount was not paid by the deadline, the notice informed Accetturo that Cathay Bank "may pursue all its rights and remedies to enforce the loan documents, including foreclosure without additional notice or demand."

¶ 7    On September 25, 2013, Cathay Bank filed a mortgage foreclosure action against the defendants, involving the property located at 3624 South Paulina Street, Chicago, Illinois, because Accetturo failed to make payments on her note and mortgage from December 1, 2011, to the present. On October 2, 2013, "unknown occupants" were served personally through "abode service" by leaving a copy of the summons and complaint with Zayra Garcia, a member of the household, at 3624 S. Paulina Street, Chicago, Illinois. On October 3, 2013, Accetturo was personally served with summons and a copy of the complaint at 2543 S. Lowe Avenue #1, Chicago, Illinois. On October 7, 2013, the United States of America, Department of the Treasury was served with corporate service on Joann Contreras, a receptionist, at 219 S. Dearborn Street, Chicago, Illinois.

¶ 8    On September 25, 2013, Cathay Bank filed an affidavit of service by publication on the defendants, unknown owners, unknown tenants, and nonrecord claimants. 735 ILCS 5/2-206 (West 2012); 735 ILCS 5/15-1502(c) (West 2012). The notice was published in the Chicago Daily Law Bulletin on September 30, 2013; October 7, 2013; and October 14, 2013. On November 13, 2013, United States Attorney Zachary Fardon filed an appearance for the United States of America, Department of the Treasury, and filed an answer to the complaint.

¶ 9    On February 13, 2014, Cathay Bank filed a motion for entry of an order of default against Accetturo and unknown owners, unknown tenants, and nonrecord claimants; requested summary judgment against the United States of America, Department of the Treasury; and requested a judgment of foreclosure and sale against the defendants. Cathay Bank also filed the loss mitigation affidavit of its employee, Janie Yang, on February 13, 2014.

¶ 10   On May 8, 2014, the circuit court entered an order giving Accetturo until June 5, 2014, to file an appearance or to answer or otherwise plead to the complaint. That same day, Accetturo's attorney, Thomas L. Burdelik, filed an appearance on her behalf. On June 3, 2014, Accetturo filed a verified answer and an affirmative defense. In her affirmative defense, Accetturo alleged that Cathay Bank failed to satisfy a contractual condition precedent by

failing to submit a notice of acceleration prior to filing the foreclosure action. Specifically, in paragraphs 6 through 9 of her affirmative defense, Accetturo alleged the following:

"6. NAB Bank [Cathay Bank], its successors or assigns and plaintiff failed to provide ACCETTURO any notice that a failure to cure the alleged defaults may result in 'foreclosure by judicial proceeding and sale of the Property.'

7. NAB Bank [Cathay Bank] and plaintiff have failed to meet a condition precedent of the mortgage when it failed to mail or deliver an adequate notice of acceleration to ACCETTURO as required by Section 21 of the alleged mortgage.

8. ACCETTURO was denied a good faith opportunity, pursuant to the alleged mortgage and the obligations of BAC to avoid acceleration and foreclosure.

9. The failure to provide a proper acceleration notice prior to filing this foreclosure action would require dismissal of this action."

On July 16, 2014, Cathay Bank filed its response to Accetturo's affirmative defense denying the allegations.

¶ 11 On September 22, 2014, Cathay Bank filed a motion for entry of an order of default against unknown owners, unknown tenants, and nonrecord claimants; for summary judgment against Accetturo and the United States of America, Department of the Treasury; and for a judgment of foreclosure and sale against the defendants. In its motion, Cathay Bank maintained that (i) defendants unknown owners, unknown tenants, and nonrecord claimants are in default pursuant to section 15-1506(2)(c) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1506(2)(c) (West 2012)) and a judgment of foreclosure should be entered against them; (ii) Accetturo is in default on the note and mortgage and has failed to establish that she made payment from December 1, 2011, to the present, thereby failing to raise an issue of fact that would prevent summary judgment; and (iii) Accetturo's affirmative defense is void and does not raise a fact issue that would prevent summary judgment as Cathay Bank has provided evidence to establish that all proper notices were mailed to Accetturo.

¶ 12 On January 8, 2015, the circuit court entered an order allowing Accetturo's previous counsel, the Burdelik Law Group, to withdraw its appearance and granted the Law Office of Mark A. Laws leave to file its appearance on behalf of Accetturo, *instanter*. That same day, Mark Laws filed an appearance on behalf of Accetturo. On January 8, 2015, Accetturo filed a motion to dismiss pursuant to section 2-619. 735 ILCS 5/2-619 (West 2012). In her motion to dismiss, Accetturo maintained that Cathay Bank's failure to comply with section 15-1503(b) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1503(b) (West 2012) and issue a copy of the notice of foreclosure to the alderman for the eleventh ward or file an affidavit of compliance with this rule within 10 days of filing the complaint, should result in dismissal of the complaint without prejudice.

¶ 13 On February 5, 2015, Accetturo filed a response to Cathay Bank's motion for summary judgment. In this response, Accetturo maintained that (i) Cathay Bank's failure to comply with section 15-1503(b) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1503(b) (West 2012)) and issue a copy of the notice of foreclosure to the alderman for the eleventh ward or file an affidavit of compliance with this rule within 10 days of filing the complaint precludes summary judgment and (ii) Cathay Bank failed to properly follow the notice guidelines provided in paragraph 21 of the mortgage.

¶ 14       On February 19, 2015, Cathay Bank filed its reply and maintained that (i) Accetturo's answer to the complaint failed to raise an issue of fact, specifically it failed to offer proof that payment was made on the note after December 1, 2011; (ii) section 15-1503 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1503 (West 2012)) does not apply because the real property at issue in this case is not "residential real estate" as defined in the statute; (iii) Accetturo cannot raise a new affirmative defense in her response brief that was not pled in her answer and her section 15-1503 defense was not pled in her answer; and (iv) Accetturo admits to receiving several notices from Cathay Bank which is contrary to her position in her answer and fails to raise a fact issue to prevent summary judgment.

¶ 15       On March 5, 2015, the circuit court entered an order denying Accetturo's section 2-619 motion to dismiss pursuant to section 15-1503(b) of the Illinois Mortgage Foreclosure Law. 735 ILCS 5/15-1503(b) (West 2012). In its order, the court found that "at the time of the filing of the complaint, the property was not residential real estate as defined in 735 ILCS 5/15-1219 [of the Illinois Mortgage Foreclosure Law] since the property was not [Accetturo's] principal residence."

¶ 16       However, on March 5, 2015, the circuit court granted Cathay Bank's motion for default against unknown owners, unknown tenants, and nonrecord claimants and granted Cathay Bank's motion for summary judgment against Accetturo and the United States of America, Department of the Treasury. The circuit court also entered a judgment of foreclosure and sale against the defendants on March 5, 2015, and found that the notices provided to Accetturo satisfied the mortgage requirements. The record does not contain a transcript or a bystander's report of the March 5, 2015, proceedings.

¶ 17       On April 3, 2015, Accetturo filed a motion to reconsider the circuit court's March 5, 2015, order that granted Cathay Bank's motion for summary judgment. In her motion to reconsider, Accetturo argued that Cathay Bank failed to comply with the notice requirements of paragraph 21 of the mortgage, and as a result, it was improper for the circuit court to grant summary judgment. On June 30, 2015, Cathay Bank filed a response to Accetturo's motion to reconsider. In its response, Cathay Bank argued that (i) Accetturo's motion to reconsider is improper because she did not make any claim as to changes in the law or newly discovered evidence, (ii) Accetturo's notice argument was waived by not making the argument in her answer to the complaint, (iii) the notice argument is not a proper affirmative defense, and (iv) notice was proper under the mortgage. On July 8, 2015, Accetturo filed her reply in support of her motion to reconsider. In her reply, Accetturo argued that (i) her notice arguments are proper and valid, (ii) lack of adequate notice barred Cathay Bank from bringing suit, and (iii) the notice was improper under the mortgage.

¶ 18       On April 27, 2015, the Judicial Sales Corporation, the selling officer, filed a proof of mailing notice of sale to Accetturo's attorney; to the United States of America, Department of the Treasury; and to unknown owners, unknown tenants, and nonrecord claimants. A public notice of sale was published in the *Cook County Chronicle* on April 29, 2015; May 6, 2015; and May 13, 2015. A public notice of sale was also published in the *Chicago Sun-Times* on April 29, 2015; May 6, 2015; and May 13, 2015. On June 8, 2015, the property was sold at public auction for $90,000 and the report of sale and distribution, the receipt of sale, and the certificate of sale were filed on June 17, 2015. On June 17, 2015, Cathay Bank filed a motion for order approving the report of sale and distribution and for entry of an order of possession.

¶ 19     On July 17, 2015, the circuit court entered an order denying Accetturo's motion to reconsider "for the reasons stated on the record." The circuit court also found that Accetturo's notice argument was not a proper affirmative defense and that Cathay Bank's letters complied with the notice requirements under the mortgage. In reaching this conclusion, the circuit court found that there were procedural deficiencies with the notice argument and further found:

> "It could have been brought—I know a motion to dismiss was brought regarding the notice to the alderman, et cetera. It could have been made part of that or it could have been brought otherwise.
>
> So I don't think it's a valid affirmative defense. But even putting—notwithstanding that, I should say, to me, I indicated last time, I believe that the—the letters—that the multiple letters—particularly the last one—were sufficient to comply with the provision of the mortgage.
>
> I think unquestionably it specifically complied with really the critical portions of that paragraph [paragraph 21].
>
> ***
>
> So your motion to reconsider is denied."

¶ 20     On August 7, 2015, Accetturo filed her response to Cathay Bank's motion for order approving the report of sale and distribution and for entry of an order of possession. In her response, Accetturo argued that (i) the sale violated section 15-1508 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1508(b) (West 2012)) because the below-market sale price was unconscionable and (ii) Cathay Bank failed to properly follow the notice guidelines provided in paragraph 21 of the mortgage, and therefore, confirming the sale would violate sections 15-1508(b)(iii) and (iv) of the Illinois Mortgage Foreclosure Law. 735 ILCS 5/15-1508(b)(iii), (iv) (West 2012).

¶ 21     On August 20, 2015, Cathay Bank filed a reply in support of its motion for an order approving the report of sale and distribution and for entry of an order of possession. In its reply, Cathay Bank maintained that (i) when a judicial sale is conducted in accordance with Illinois law, the sale price is the most accurate measure of the property's value and Accetturo has failed to establish that the terms of the sale were unconscionable and (ii) Accetturo's notice argument has been previously ruled upon and rejected and is outside of the scope of section 15-1508 of the Illinois Mortgage Foreclosure Law. 735 ILCS 5/15-1508 (West 2012).

¶ 22     On August 27, 2015, the circuit court entered an order approving the report of sale and distribution, confirmed the sale, entered an order of possession, and entered an order finding a personal deficiency in the amount of $11,964.86 against Accetturo. In reaching this conclusion, the court reasoned:

> "The standard is shocking the conscience of a court of equity, and we all understand—it's well-established that you're not going to get the best price and, you know, importantly obviously insufficiency of the price alone is—is not a basis to disturb a judicial sale again unless it shocks the conscience of a court of equity.
>
> Here again we have—well, the only thing we have is the Zillow report, and again I think beyond it being potentially a questionable foundation for it, it was even—the accuracy of it again I don't think it's something that, based on the number that it was, it wasn't that dramatic and with the lack of accuracy of a Zillow report I think commonly

known. I don't think that's sufficient for me to set an evidentiary hearing, that alone, or to conduct any discovery at this point.

So the motion to approve the sale is granted. Your approving the sale is entered—
\*\*\*
—for deficiency."

¶ 23 On September 25, 2015, Accetturo filed a timely notice of appeal seeking review of the March 5, 2015, order.

¶ 24                                    ANALYSIS
¶ 25                              Standard of Review

¶ 26 We find that Accetturo's notice of appeal requests that this court reverse the order granting summary judgment and the final order approving the report of sale and distribution. The standard of review for an order granting a motion for summary judgment is *de novo* (*Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008)), and the standard of review for an order approving a sale and distribution is an abuse of discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). Finally, we must also interpret a provision in the mortgage, and the interpretation of a contract involves a question of law which we review *de novo*. *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 54 (2011); *Carr v. Gateway, Inc.*, 241 Ill. 2d 15, 20 (2011).

¶ 27                         Order Granting Summary Judgment

¶ 28 Accetturo argues that the circuit court erred when it granted Cathay Bank's motion for summary judgment because Cathay Bank failed to comply with paragraph 21 of the mortgage, a condition precedent, requiring Cathay Bank to give Accetturo notice, with specific information, prior to accelerating the mortgage. Accetturo argues that Cathay Bank's first four letters make no mention of acceleration and the fifth letter informed Accetturo that mortgage foreclosure was forthcoming and that her note was accelerated, after acceleration had already taken place.

¶ 29 In response, Cathay Bank maintains that it was entitled to summary judgment because Accetturo failed to establish her compliance with the note and mortgage, her notice argument changed throughout the course of the litigation, and her notice argument was not a valid affirmative defense.

¶ 30 We note that Accetturo continuously raised her notice argument in pleadings during the litigation. In paragraphs 6 through 9 of her affirmative defense, Accetturo alleged the following:

> "6. NAB Bank [Cathay Bank], its successors or assigns and plaintiff failed to provide ACCETTURO any notice that a failure to cure the alleged defaults may result in 'foreclosure by judicial proceeding and sale of the Property.'
>
> 7. NAB Bank [Cathay Bank] and plaintiff have failed to meet a condition precedent of the mortgage when it failed to mail or deliver an adequate notice of acceleration to ACCETTURO as required by Section 21 of the alleged mortgage.
>
> 8. ACCETTURO was denied a good faith opportunity, pursuant to the alleged mortgage and the obligations of BAC to avoid acceleration and foreclosure.

9. The failure to provide a proper acceleration notice prior to filing this foreclosure action would require dismissal of this action."

After reviewing the pleadings, we did not find that Accetturo changed her defense throughout the course of this case, nor do we find that Accetturo forfeited this issue. *CitiMortgage, Inc. v. Hoeft*, 2015 IL App (1st) 150459, ¶ 9.

¶ 31    We note that Illinois law permits a creditor to elect to sue on the note or foreclose on the mortgage or both. *Abdul-Karim v. First Federal Savings & Loan Ass'n of Champaign*, 101 Ill. 2d 400, 407 (1984). Accetturo maintains that summary judgment was improper because Cathay Bank failed, prior to accelerating the note, to comply with a condition precedent when it did not send a notice of acceleration to Accetturo as prescribed by paragraph 21 of the mortgage.

¶ 32    A "condition precedent" is an act that must be performed or an event that must occur before a contract becomes effective or before one party to an existing contract is obligated to perform. *Downs v. Rosenthal Collins Group, L.L.C.*, 2011 IL App (1st) 090970, ¶ 21; *McCormick 101, LLC v. State Bank of Countryside*, No. 14 C 8539, 2015 WL 7450760, at *3 (N.D. Ill. Nov. 24, 2015). When a contract contains an express condition precedent, strict compliance with such a condition is required (*Midwest Builder Distributing, Inc. v. Lord & Essex, Inc.*, 383 Ill. App. 3d 645, 668 (2007)), and the contract does not become enforceable or effective until the contract is performed or the contingency occurs. *Midwest Builder Distributing, Inc.*, 383 Ill. App. 3d at 668. The failure to perform a condition precedent may be construed as a breach of contract. *Jones v. Seiwert*, 164 Ill. App. 3d 954, 958-59 (1987); *Hardin, Rodriguez & Boivin Anesthesiologists, Ltd. v. Paradigm Insurance Co.*, 962 F.2d 628, 633 (1992). Finally, courts will enforce express conditions precedent regardless of the potential for harsh results for the noncomplying party. *Midwest Builder Distributing, Inc.*, 383 Ill. App. 3d at 668.

¶ 33    A notice of acceleration is a condition precedent to foreclosure under Illinois Mortgage Foreclosure Law. *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 16 ("If CitiMortgage had not sent an acceleration notice, it would not be entitled to foreclose," therefore not satisfying "a condition precedent to its right to bring suit.").

¶ 34    We must determine (i) whether paragraph 21 of the mortgage contained a notice of acceleration, (ii) if so, whether Cathay Bank complied with the condition precedent in paragraph 21 of the mortgage by giving notice to Accetturo prior to acceleration of the note, and (iii) whether Cathay Bank had a right to file an action of foreclosure predicated on Accetturo's mortgage.

¶ 35    Because paragraph 21 of the mortgage has been invoked as an affirmative defense to Cathay Bank's mortgage foreclosure action, we must consider the language in paragraph 21 and specifically how courts have construed the words "shall" and "may" in contracts. The United States Supreme Court has held that "[w]hen a statute distinguishes between 'may' and 'shall,' it is generally clear that 'shall' imposes a mandatory duty." *Kingdomware Technologies, Inc. v. United States*, 579 U.S. ___, ___, 136 S. Ct. 1969, 1977 (2016). The Illinois Supreme Court has also held that, the word "shall," in contracts and statutes, has a mandatory connotation unless otherwise stated. *Pomykala*, 203 Ill. 2d at 205-06.

¶ 36    Paragraph 21 of the mortgage repeatedly uses the words "shall" and "may" and required Cathay Bank, the lender, to give Accetturo, the borrower, the following notice:

"Lender *shall* give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice *shall* specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice *shall* further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option *may* require immediate payment in full of all sums secured by this Security Instrument without further demand and *may* foreclose this Security Instrument by judicial proceeding. Lender *shall* be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence." (Emphases added.)

¶ 37    Because the mortgage contained an acceleration clause that provided "[Cathay Bank] shall give notice to [Accetturo] prior to acceleration," we find that paragraph 21 is a contractual condition precedent and that Cathay Bank had a mandatory duty to send a notice of acceleration to Accetturo prior to accelerating the mortgage. *Kingdomware*, 579 U.S. at ___, 136 S. Ct. at 1978; *Pomykala*, 203 Ill. 2d at 205-06; *In re Marriage of Ackerley*, 333 Ill. App. 3d 382, 398 (2002). Our interpretation is based on the maxim that contract language should be construed most strongly against the maker, Cathay Bank, because the bank chose the words in the mortgage. *Scheduling Corp. of America v. Massello*, 119 Ill. App. 3d 355, 361 (1983); *Farmers & Mechanics Bank v. Davies*, 97 Ill. App. 3d 195, 201 (1981) (the mortgage should be construed against the maker, here, the Bank).

¶ 38    In its March 5, 2015, order granting Cathay Bank's motion for summary judgment, the circuit court struck Accetturo's affirmative defenses and found that the "notices provided to Defendant Accetturo satisfied the mortgage requirements." A reviewing court cannot reverse a finding of fact of the circuit court unless its finding is against the manifest weight of the evidence. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 154 (2005).

¶ 39    The record reveals that Cathay Bank sent five letters to Accetturo. While we note that the first three letters (November 22, 2011; January 24, 2012; and March 13, 2012) contained the words "seriously delinquent" instead of "default," they were sufficient to put Accetturo on notice that there was a problem. However, the first three letters failed to incorporate the specific information required by paragraph 21: (i) information about what must be done to cure the default, (ii) the date on which to cure the default, (iii) information stating that failure to cure the default may result in acceleration of the sums secured by the Security Instrument foreclosure by judicial proceeding and sale of the Property, and (iv) information about Accetturo's right to reinstate or assert defenses to the acceleration and foreclosure.

¶ 40    The fourth letter dated March 19, 2012, does not satisfy the requirements of paragraph 21 in that it fails (i) to mention acceleration, (ii) to provide Accetturo 30 days to cure the default, (iii) to specifically state that the failure to cure the default may result in acceleration of the sums secured by the Security Instrument foreclosure by judicial proceeding and sale of the

- 10 -

Property, and (iv) to inform Accetturo of her right to reinstate or assert defenses to the acceleration and foreclosure.

¶ 41    The fifth letter that was sent on August 6, 2013, was a "notice of default and acceleration" and was the first letter that mentioned "acceleration." However, this notice was sent informing Accetturo that the note was already accelerated; it was not a notice prior to acceleration as mandated by paragraph 21 of the mortgage.

¶ 42    Here, we find the letters that Cathay Bank sent to Accetturo were not sent prior to acceleration. Moreover, most of the information that Cathay Bank was mandated by paragraph 21 to provide was missing from the five letters. Compare *CitiMortgage, Inc. v. Hoeft*, 2015 IL App (1st) 150459, ¶ 11 (the notice provided all of the information except the specific dollar amount to cure the default). Finally, while we note that a technical defect in the notice sent to a mortgagor will not automatically warrant a dismissal of a foreclosure action (*Bank of America, N.A. v. Luca*, 2013 IL App (3d) 120601, ¶ 15), we find that Cathay Bank's failure to strictly comply with paragraph 21, by providing Accetturo with specific information prior to accelerating the note, was more than a technical defect. Accordingly, we find that the circuit court's finding that Cathay Bank's letters complied with the condition precedent contained in the mortgage was against the manifest weight of the evidence. *Corral*, 217 Ill. 2d at 154.

¶ 43    Cathay Bank argues that Accetturo's notice argument fails and cites *CitiMortgage, Inc. v. Bukowski*, 2015 IL App (1st) 140780, ¶ 16, as support for its position. The *Bukowski* court found that the circuit court properly struck the defendants' affirmative defenses. The court points out that we review the dismissal of affirmative defenses *de novo*. *Bukowski*, 2015 IL App (1st) 140780, ¶ 15. The *Bukowski* court also found that the defendants' affirmative defenses asserting that the bank failed to send notice attacks the bank's ability to maintain the action but does not raise a new matter that defeats the claim. *Bukowski*, 2015 IL App (1st) 140780, ¶ 16. Finally, the *Bukowski* court found that if CitiMortgage had not *sent* an acceleration notice, it would not be entitled to foreclose. *Bukowski*, 2015 IL App (1st) 140780, ¶ 16.

¶ 44    We find that Cathay Bank's reliance on *Bukowski* is misplaced. See *Bankers Life Co. v. Denton*, 120 Ill. App. 3d 576, 579 (1983). In *Denton*, a case where this court was reviewing a bank's failure to comply with a mortgage's servicing regulations, the court stated:

> "It is evident from the language of the servicing regulations that the mortgagee must comply with these provisions prior to the commencement of a foreclosure proceeding. Therefore, *** we believe that the failure to comply with these servicing regulations which are mandatory and have the force and effect of law can be raised in a foreclosure proceeding as an affirmative defense." *Denton*, 120 Ill. App. 3d at 579.

¶ 45    We also find that section 8.1 of the Restatement (Third) of Property makes it clear that the mortgagee is bound by language in a mortgage that requires additional notice:

> "(a) An acceleration provision is a term in a mortgage, or in the obligation it secures, that empowers the mortgagee upon default by the mortgagor to declare the full mortgage obligation immediately due and payable. An acceleration becomes effective on the date specified in a written notice by the mortgagee to the mortgagor delivered after default." Restatement (Third) of Property: Mortgages § 8.1 (1997).

Comment b of section 8.1 provides:

"However, language in the mortgage documents that requires additional notice to that required by Subsection (a) is enforceable." Restatement (Third) of Property: Mortgages § 8.1 cmt. b, at 559 (1997).

Paragraph 21 of the mortgage prescribes additional notice requirements. Therefore, we find the specific requirements enumerated in paragraph 21 of Cathay Bank's mortgage are enforceable. Restatement (Third) of Property: Mortgages § 8.1 (1997).

¶ 46 In this case, we find (i) that paragraph 21 prescribed Cathay Bank's servicing requirements for the mortgage; (ii) that Accetturo's affirmative defenses contained facts asserting Cathay Bank's letters failed to comply with the servicing requirements by providing the information required by paragraph 21 of the mortgage; (iii) that by failing to comply with the servicing requirements in paragraph 21 of the mortgage, Cathay Bank was estopped from proceeding with the foreclosure action (735 ILCS 5/2-613 (West 2012)); and (iv) that Accetturo's affirmative defenses raised new matter—whether Cathay Bank had complied with the condition precedent or the serving requirements in paragraph 21 of the mortgage prior to filing the foreclosure action—and, therefore, were properly raised in this foreclosure action. *Denton*, 120 Ill. App. 3d at 579. Accordingly, following *Denton*, we hold that the circuit court erred by striking Accetturo's affirmative defenses.

¶ 47 Here, unlike *Bukowski*, Accetturo does not maintain that she did not *receive* notice. Instead, she maintains that Cathay Bank sent notice but failed to provide the information required by paragraph 21 of the mortgage. Therefore, Accetturo contends that Cathay Bank's failure to comply with paragraph 21 of the mortgage divested Cathay Bank of its right to file this foreclosure action. We agree with Accetturo.

¶ 48 In *Abdul-Karim v. First Federal Savings & Loan Ass'n of Champaign*, 101 Ill. 2d 400, 407 (1984), our supreme court held that a mortgage is a contract and that the provision in the mortgage for acceleration extends only to the right to foreclose the mortgage:

" 'It has been held by the courts of several States that a provision in a mortgage for an acceleration of maturity extends only to the right to foreclose the mortgage and subject the property pledged to the payment or reduction of the debt, and that the mortgage and note are separate contracts. The mortgage is applicable to the right to apply the security to the discharge of the debt and the note to the liability of the maker for the payment of that indebtedness.' " *Abdul-Karim*, 101 Ill. 2d at 407 (quoting *Conerty v. Richtsteig*, 379 Ill. 360, 366-67 (1942)).

¶ 49 In this case, we find that paragraph 21 of the mortgage (i) is a notice provision with an acceleration clause, (ii) contains specific notice information that the lender has a mandatory duty to provide to the borrower, (iii) imposes a mandatory duty on the lender to provide notice to the borrower prior to acceleration, and (iv) is a condition precedent which must be complied with for a lender to have a right to file a foreclosure action. *Kingdomware*, 579 U.S. at ___, 136 S. Ct. at 1978; *Pomykala*, 203 Ill. 2d at 205-06; see also *Midwest Builder Distributing, Inc.*, 383 Ill. App. 3d at 668.

¶ 50 We hold that Cathay Bank's failure, prior to acceleration, to provide Accetturo with a notice containing the specific information mandated by paragraph 21 divested the lender of its right to file this foreclosure action.

¶ 51 Finally, because we find that Cathay Bank did not provide Accetturo with the notice mandated by paragraph 21 of the mortgage, we hold that (i) Cathay Bank had no right to file

this foreclosure action, (ii) that Cathay Bank was not entitled to a judgment as a matter of law, and (iii) that the circuit court erroneously entered the order granting Cathay Bank's motion for summary judgment.

¶ 52                    Order Approving Report of Sale and Distribution

¶ 53        Next, we must determine whether the circuit court erred when it entered an order approving the report of sale and distribution. We have already held that the circuit court erred when it entered the order granting Cathay Bank's motion for summary judgment. We find that the order approving the report of sale and distribution relates back to the summary judgment order, which was a step in the procedural progression leading to the final order approving the sale.

¶ 54        Section 15-1508 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1508 (West 2012)) has been construed as conferring on the circuit courts broad discretion in approving or disapproving judicial sales, and consequently, a court's decision will not be reversed unless there has been an abuse of discretion. *Household Bank*, *FSB*, 229 Ill. 2d at 178. Because we find that Cathay Bank did not provide the notice mandated by paragraph 21 of the mortgage, Cathay Bank had no right to file the foreclosure action against Accetturo. Because Cathay Bank had no right to file the foreclosure action, the circuit court erred (i) when it granted the motion for summary judgment and (ii) when it permitted the summary judgment order to form the basis for the order approving the sale and distribution. When a bank fails to comply with its servicing requirements and does not give notice to the borrower mandated by a provision in its mortgage, and the circuit court ignores the banks' failure to comply with the mortgage's servicing requirements, the circuit court abuses its discretion. Therefore, we reverse the circuit court's order approving the report of sale and distribution.

¶ 55        Finally, because Cathay Bank did not comply with paragraph 21 of the mortgage, the circuit court's summary judgment order is reversed and all related orders, including the final order approving the report of sale and distribution, are vacated.

¶ 56                                    CONCLUSION

¶ 57        Cathay Bank failed to give notice to Accetturo with the specific information required by paragraph 21 of the mortgage prior to accelerating the note. Therefore, we reverse the circuit court's order granting summary judgment and vacate all other orders.

¶ 58        Reversed.