2019 IL App (1st) 190924-U
No. 1-19-0924
Order filed December 16, 2019

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(c)(2).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17 CH 5436 |
| VALERIE A MARTIN, A/K/A VALERIE A. O'CONNELL, | ) ) ) | Honorable Gerald V. Cleary, Judge, presiding. |
| Defendant-Appellant. | ) | |

JUSTICE HYMAN delivered the judgment of the court.
Justices Pierce and Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Trial court orders entering summary judgment and approving report of sale affirmed where court's finding that it had jurisdiction was not against the manifest weight of the evidence.

¶ 2    Valerie Martin seeks reversal of trial court orders entering a summary judgment of foreclosure and approving the report of sale in a mortgage foreclosure proceeding. Valerie contends the trial court did not have authority to enter either order because it lacked personal jurisdiction over the other mortgagor, her former husband Steven Miller, who was defaulted.

Because no motion to quash service was filed by Steven, we conclude that the trial court's finding of jurisdiction not to be against the manifest weight of the evidence and affirm.

¶ 3                                    Background

¶ 4    In October 2007, Wells Fargo loaned Valerie Martin and Steven Martin $235,000. The loan was secured by a mortgage on their home. Valerie and Steven divorced in February 2011. Valerie retained sole title to and possession of the home. (According to Valerie, Steven moved out of the home in December 2008 and has lived elsewhere since then.)

¶ 5    Wells Fargo assigned the mortgage to the plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("Trust"). The Martins stopped making mortgage payments in April 2010. Seven years later, the Trust filed a complaint to foreclose the mortgage, naming Valerie and Steven as defendants. (The City of Chicago, unknown owners and nonrecord claimants, and another individual were also named defendants but are not relevant to the appeal.) The process server's affidavit stated that he personally served Steven on April 16, 2017, at the home, and served Valerie by substitute service on Steven. Valerie filed an appearance on May 16, 2017; Steven has never appeared.

¶ 6    The Trust filed a motion for an order of default and judgment of foreclosure against Steven and for summary judgment against Valerie. In her response, Valerie argued the trial court could not decide the motions without personal jurisdiction over Steven. Specifically, Valerie asserted that, rather than serving Steven, the process server served Andrew Scheidt, who was then her fiancée and is now her husband. (Valerie attached an affidavit from Scheidt detailing how the process server served him; the Trust does not contest the error.) Valerie asserted that Steven is a necessary party, under section 5/15-1501(i) of the Illinois Mortgage Foreclosure Law (735 ILCS

5/15-1501(i) (West 2016)), and the Trust's failure to serve him precluded the court from adjudicating the Trust's motions.

¶ 7    The trial court granted the Trust's motion for summary judgment against Valerie and entered an order of default against Steven. The trial court also entered a judgment of foreclosure and sale. In the judgment of foreclosure, the trial court expressly found that "[e]ach of the named defendants have been duly and regularly served a sufficient time to authorize this Court to proceed with the entry of this Judgment." After a judicial sale of the property, the Trust filed a motion for an order approving the sale. Valerie filed a response again arguing that the Trust had not properly served Steven. She contended that because the trial court lacked jurisdiction over Steven, her rights of redemption had not expired, and the court could not approve the sale. The trial court entered an order approving the report of sale, finding that Valerie did not have standing to contest service of process on Steven.

¶ 8                                        Analysis

¶ 9                                   Standard of Review

¶ 10    A claim that a party lacks standing raises an issue of law, and our review of a ruling on the question is *de novo*. See *Matthews v. Chicago Transit Authority*, 2016 IL 117638, ¶ 39 (review of a ruling on motion to dismiss for lack of standing is *de novo*.) But the primary issue involves the trial court's finding that it had jurisdiction over Steven, a question of fact, which will be reversed only if it is against the manifest weight of the evidence. *Cathay Bank v. Accetturo*, 2016 IL App (1st) 152783, ¶ 38.

¶ 11                                 Service of Process

¶ 12    Personal jurisdiction can be obtained either by service of process in accord with statutory requirements or by a party's voluntary submission to the court's jurisdiction. *BAC Home Loans*

*Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18. Section 2-203(a)(1) of the Code of Civil procedure (Code) prescribes the procedure for personal service on an individual and provides in pertinent part: "(a) * * * service of summons upon an individual defendant shall be made (1) by leaving a copy thereof with the defendant personally * * *." 735 ILCS 5/2-203(a)(1) (West 2018). The person making service, in his or her affidavit or in a record filed and maintained in his or her employer's office, shall (1) identify as to sex, race, and approximate age the defendant or other person with whom the summons was left and (2) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant or other person. 735 ILCS 5/2-203(b) (West 2018). The affidavit of service constitutes *prima facie* evidence of proper service. *In re Jafree*, 93 Ill. 2d 450, 455 (1982).

¶ 13    A person may object to personal jurisdiction based on insufficiency of process or service of process by filing a motion to dismiss the entire proceeding or any cause of action in the proceeding or by moving to quash service of process. 735 ILCS 5/2-301(a) (West 2018). A party waives jurisdiction when he or she files any other pleading or motion before filing a motion challenging personal jurisdiction. 735 ILCS 5/2-301(a-6) (West 2018). The Illinois Mortgage Foreclosure Law provides the deadline in residential foreclosure actions for filing motions to dismiss the entire proceeding or to quash service of process objecting to the court's jurisdiction over the person. Unless extended by the court for good cause shown, the deadline is 60 days after the earlier of these events: (i) the date that the moving party filed an appearance; or (ii) the date that the moving party participated in a hearing without filing an appearance. 735 ILCS 5/15-1505.6 (West 2018).

¶ 14    Valerie first raised the issue of service of process on Steven in her response to the Trust's motions for summary judgment, more than a year after filing her appearance. As noted, in her

response, she asserted that the process server improperly served her fiancée rather than her former husband, Steven. She also attached an affidavit from Andrew detailing how the process server served him. But, because personal jurisdiction was not raised in a timely motion to quash service or a motion to dismiss, the trial court was not required to consider the argument in Valerie's response to the motion for summary judgment or Andrew's affidavit contending he was erroneously served process. The only evidence properly before the court regarding service on Steven was the affidavit of service, which is *prima facie* evidence that process was properly served. *In re Jafree*, 93 Ill. 2d at 455. Thus, the trial court's finding that it had jurisdiction was not against the manifest weight of the evidence.

¶ 15 Even if Valerie had filed a timely motion to quash service on Steven, she would not have prevailed because she lacked standing to bring the motion. Section 2-301(a) provides that a party may object to the court's jurisdiction "over the party's person," on the ground of insufficiency of service of process by filing a motion to dismiss or a motion quash service. 735 ILCS 5/2-301(a) (West 2018). Thus, only a party who believes he or she was not properly served may bring a motion to quash the purported service. Valerie was not objecting to the court's jurisdiction over her, but rather over Steven. See *In re M.W.*, 232 Ill. 2d 408, 417 (2009) (holding that because objections to personal jurisdiction and improper service may be waived, "a party may 'object to personal jurisdiction or improper service of process only on behalf of himself or herself.' "). Only Steven could have filed a motion to quash service; he did not.

¶ 16 Based on the evidence before the trial court and Steven's failure to file a motion to quash service, the court's finding that it had jurisdiction to enter the foreclosure judgment and the order approving sale was not against the manifest weight of the evidence.

¶ 17 Affirmed.