**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220167-U

Order filed June 7, 2023

_____

_

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, ) <br> FSB d/b/a Christiana Trust, Not Individually but ) <br> As Trustee for Pretium Mortgage Acquisition, ) <br> ) <br>     Plaintiff-Appellee, ) <br> ) <br> v. ) <br> ) <br> ) <br> ZBIGNIEW SWIDERSKI; WIESLAWA ) <br> SWIDERSKI; PNC BANK, N.A.; ) <br> Successor in Interest to MidAmerica Bank, ) <br> FSB; unknown owners and non-record ) <br> Claimants; Unknown Occupants, ) <br> ) <br>     Defendants-Appellants. ) | Appeal from the Circuit Court <br> of the 18th Judicial Circuit, <br> Du Page County, Illinois, <br> <br> Appeal No. 3-22-0167 <br> Circuit No. 16-CH-1426 <br> <br> <br> <br> <br> <br> <br> Honorable <br> Robert G. Gibson, <br> Judge, Presiding. |

_____

_

JUSTICE BRENNAN delivered the judgment of the court.
Justices Hettel and Peterson concurred in the judgment.

_____

_

**ORDER**

¶ 1     *Held*: We affirm the trial court's grant of summary judgment to plaintiff and subsequent confirmation of sale in this foreclosure proceeding.

¶ 2    The trial court granted plaintiff's, Wilmington Savings Fund Society, FSB's, motion for summary judgment in foreclosure against defendant Zbigniew Swiderski and, later, defendant Wieslawa Swiderski. The Swiderskis appeal, arguing that Wilmington did not comply with a condition precedent due to its failure to give due and proper notice of their default. For the reasons that follow, we determine that the Swiderskis have forfeited their argument and affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In March 2016, the Swiderskis defaulted on their residential mortgage. In September 2016, the holders of the note and mortgage, Nationstar Mortgage, LLC, and, later, current successor plaintiff Wilmington (hereinafter collectively Wilmington), filed the operative complaint in foreclosure. Wilmington's complaint conformed to the format prescribed in section 15-1504(a) of the Illinois Mortgage Foreclosure Law. 735 ILCS 5/1504(a) (West 2016).

¶ 5    In February 2017, the trial court entered a default judgment of foreclosure against the Swiderskis for failure to answer the complaint. In March 2017, the court granted the Swiderskis' motion to vacate the judgment of foreclosure and gave them leave to file their answer and affirmative defenses *instanter*.

¶ 6    In their answer, the Swiderskis provided in relevant part:

    "1. No answer necessary.

    2. Defendants *** deny all other all other allegations ***.

                                    ***
    If the court determines that the statements contained in the amended complaint comply with section [1504(a)], then Defendants deny all deemed allegations contained in [section 1504(c), concerning, *inter alia*, proper notice]."

¶ 7    In their affirmative defenses, the Swiderskis provided in relevant part:

"2. Failure to comply with condition precedent

      a. The lender has never sent a notice pursuant to section 22 of the Mortgage.

      b. The failure to send the notice pursuant to section 22 of the Mortgage is a condition precedent to acceleration."

¶ 8      In April 2017, Wilmington moved to strike the Swiderskis' affirmative defenses on the basis that they were devoid of sufficiently specific factual allegations and were improperly pled. The Swiderskis did not respond. The trial court granted the motion.

¶ 9      In August 2018, the trial court entered a judgment of foreclosure against the Swiderskis. It later vacated the judgment as to Wieslawa only, due to circumstances related to the passing of the Swiderskis' attorney.

¶ 10      In January 2020, Wilmington filed the operative motion for summary judgment against Wieslawa. Wilmington argued that, as Wieslawa's affirmative defenses had been stricken, all that remained were the complaint, Wieslawa's generic answer to the complaint (from March 2017), and the supporting documents. Wieslawa responded, raising the same arguments set forth on appeal.

¶ 11      The trial court granted Wilmington's motion. In February 2022, the property was sold at a judicial foreclosure sale where Wilmington was the successful bidder. In March 2022, the court confirmed the sale. In April 2022, the Swiderskis timely filed a notice of appeal.

¶ 12                            II. ANALYSIS

¶ 13      On appeal, the Swiderskis argue that the trial court erred by granting Wilmington's motion for summary judgment. Summary judgment is proper when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS

3

5/2-1005(c) (West 2016). Although summary judgment is a drastic measure, it remains an appropriate means to efficiently dispose of a suit when the movant's right to judgment is clear and free from doubt. *U.S. Bank v. Reinish*, 2020 IL App (2d) 190175, ¶ 10. We review the trial court's ruling on a motion for summary judgment *de novo*. *Id.*

¶ 14   The Swiderskis contend that a question of fact remains as to whether Wilmington failed to comply with paragraphs 22 and 15 of the mortgage contract, because Wilmington sent them a notice of acceleration and default via certified mail as opposed to first class mail, and because Wilmington failed to otherwise document delivery of the notice. Paragraph 22 provides: "Lenders shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." Paragraph 15 provides: "Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to borrower when mailed by first class mail or when actually delivered to Borrower's address if sent by other means." The Swiderskis note that compliance with the mortgage agreement's acceleration notice requirements is a condition precedent to a lender's right to bring suit. *Credit Union 1 v. Carrasco*, 2018 IL App (1st) 172535, ¶ 15.

¶ 15   Wilmington responds that the Swiderskis' non-specific answers to the foreclosure complaint constituted an admission on the issue of a condition precedent that cannot now be used to defeat a motion for summary judgment. We agree.

¶ 16   When, as here, the foreclosure complaint follows the format prescribed in section 15-1504(a), the complaint is deemed to comply with, *inter alia*, the section 1504(c)(9) requirement that any and all notices required to be given have, in fact, been duly and properly given. 735 ILCS 5/1504(a), (c)(9) (West 2016). Indeed, the Swiderskis acknowledged in their answer that complying with the strictures of section 1504(a) is a means by which to plead proper notice: "If

4

the court determines that the statements contained in the amended complaint comply with section [1504(a)], then Defendants deny all deemed allegations contained in [section 1504(c), concerning, *inter alia*, proper notice]." The Swiderskis do not now argue that the complaint does not follow the format prescribed in section 15-1504(a). We determine that Wilmington properly pled that it gave due and proper notice.

¶ 17     We next turn to the Swiderskis' answer. Section 2-610(b) of the Code of Civil Procedure (735 ILCS 5/2-610(b) (West 2016)) and Illinois Supreme Court Rule 133(c) (eff. July 1, 1982) require a litigant to answer allegations with specificity.

¶ 18     Section 2-610(b) provides:

"(b) Every allegation, except allegations of damages, not *explicitly* denied is admitted, unless the party states in his or her pleading that he or she has no knowledge thereof sufficient to form a belief, and attaches an affidavit of the truth of the statement of want of knowledge, or unless the party has had no opportunity to deny." (Emphasis added.) 735 ILCS 5/2-610(b) (West 2016).

¶ 19     Rule 133(c) provides:

"Condition Precedent. In pleading the performance of a condition precedent in a contract, it is sufficient to allege generally that the party performed all the conditions on his part; if the allegation be denied, *the facts must be alleged in connection with the denial* showing wherein there was a failure to perform." (Emphasis added.) Rule 133(c) (eff. July 1, 1982).

¶ 20     Illinois courts have repeatedly relied on these provisions in determining that, when a complaint for breach of a mortgage contract alleges the performance of a condition precedent, the responsive pleading must deny the allegation with specific facts or forfeit the issue of whether the

5

condition precedent was performed. See *Bank of New York Mellon v. Wojcik*, 2019 IL (1st) 180845, ¶ 21; see also *Reinish*, 2020 IL App (2d) 190175, ¶¶ 16-17 (concerning section 2-610(b)). Further, the non-specific denial is deemed in such circumstances to be a judicial admission that cannot later be disputed to defeat a motion for summary judgment. *Wojcik*, 2019 IL (1st) 180845, ¶ 23.

¶ 21    Here, again, Wilmington pled that it gave due and proper notice. *Supra* ¶ 16. However, the Swiderskis answered Wilmington's allegation of proper notice only with general denials: "No answer necessary" and "Defendants *** deny all other all other allegations ***." They alleged no specific facts in support of their denials. As such, the Swiderskis have forfeited any argument that Wilmington failed to perform a condition precedent due to the manner in which it gave notice. See *id*. They cannot now point to the manner in which Wilmington gave notice to create a question of fact precluding summary judgment. See *id*.

¶ 22    The Swiderskis appear to concede that *Wojcik* is good law and that, as in *Wojcik*, their answer constitutes a forfeiture of any argument that Wilmington failed to perform a condition precedent due to the manner in which it gave notice. They argue, however, that their circumstances are distinguishable because they also filed an affirmative defense. However, as noted, the Swiderskis' affirmative defense was stricken, the Swiderskis make no meaningful argument that the affirmative defense was improperly stricken, and the affirmative defense was not re-pled. *Cf. Deutsche Bank National Trust Company v. Roongseang*, 2019 IL App (1st) 180948, ¶¶ 8, 11 (summary judgment reversed where the defendants' affirmative defense was active at the time of the ruling and where defendants had also submitted an affidavit averring that they had never received notice); *cf. Cathay Bank v. Accetturo*, 2016 IL App (1st) 152783, ¶¶ 46, 51 (summary

6

judgment reversed where the trial court *improperly* struck an affirmative defense claiming that the notice of acceleration was insufficient under the mortgage contract).

¶ 23    The Swiderskis argue that they were "not required to re-plead the affirmative defense once it was stricken by the court." The Swiderskis cite no authority for this proposition and have, therefore, forfeited it. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018); *Olive Portfolio Alpha, LLC v. 116 West Hubbard Street, LLC*, 2017 IL App (1st) 160357, ¶ 42. In any case, per *Accetturo*, the Swiderskis would need to show that the affirmative defense was improperly stricken. *Accetturo*, 2016 IL App (1st) 152783. ¶ 46. The Swiderskis' argument is without merit.

¶ 24                                    III. CONCLUSION

¶ 25    The judgment of the circuit court of Du Page County is affirmed.

¶ 26    Affirmed.