2025 IL App (2d) 240411-U
No. 2-24-0411
Order filed March 25, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| CROSSCOUNTRY MORTGAGE, LLC, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 23-FC-304 |
| | ) | |
| JAVIER ARROYO, | ) | Honorable |
| | ) | Divya K. Sarang, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Presiding Justice Kennedy and Justice Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*: In appeal from judgment confirming judicial sale of foreclosed property, defendant's claim that he owned the property without encumbrances is forfeited because he did not raise it below; even if defendant did not forfeit it, we cannot consider the evidence he produces for the first time on appeal; moreover, that evidence does not establish that he owned the property without encumbrances.

¶ 2    Defendant, Javier Arroyo, appeals an order confirming the sale of real property following a residential mortgage foreclosure. He contends that he owned the property without encumbrances and was not allowed to prove his ownership. Because the trial court did not err in confirming the sale, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On May 25, 2023, plaintiff, CrossCountry Mortgage, LLC, filed a complaint to foreclose a residential mortgage executed by defendant. The mortgage secured a loan of $176,739 for the purchase of real property located at 1460 Exposition Avenue in Aurora. The complaint included a copy of the mortgage and alleged that defendant had failed to make payments under the note and, thus, had defaulted under the mortgage.

¶ 5    On June 3, 2023, plaintiff served defendant with the summons and complaint. On June 6, 2023, defendant filed a *pro se* appearance.

¶ 6    On November 15, 2023, plaintiff filed a motion for the entry of a default order. Plaintiff alleged that defendant had failed to file an answer. That same day, plaintiff also filed a motion for the entry of a judgment of foreclosure and sale. Plaintiff notified defendant of both motions.

¶ 7    On December 7, 2023, with defendant present, the trial court continued to January 18, 2024, plaintiff's motions for a default order and a judgment of forfeiture and sale. The December 7 order also gave defendant an additional 28 days to file an answer. Defendant did not thereafter file an answer.

¶ 8    On January 9, 2024, plaintiff filed a loss mitigation affidavit executed by its vice president on December 18, 2023. The affiant stated that loss mitigation letters offering mitigation options were sent to defendant on multiple dates between February and October 2023, but defendant did not respond.

¶ 9    On January 18, 2024, the trial court continued plaintiff's motions to March 7, 2024. On March 7, with defendant and plaintiff appearing via Zoom, the trial court entered a default order and a judgment of foreclosure and sale. That same day, the court sent defendant notice of those orders, advising him, among other things, that he may be entitled to file a motion to vacate the orders. Defendant did not file a motion to vacate or otherwise challenge the March 7 orders.

¶ 10　On May 31, 2024, plaintiff filed a notice of a sheriff's sale scheduled for June 20, 2024. That same day, plaintiff sent defendant notice of the sheriff's sale.

¶ 11　On June 21, 2024, the trial court entered an order continuing the matter to July 9, 2024, for a hearing on plaintiff's motion for confirmation of sale. On June 24, 2024, plaintiff filed a motion for an order approving the report of sale and distribution. Plaintiff notified defendant of that motion.

¶ 12　On June 25, 2024, plaintiff filed a sheriff's report of sale and distribution. The sheriff's report showed that the winning bid was $179,400, which left a deficiency of $13,479.89. On July 10, 2024, the trial court entered an order confirming the sale and distribution of proceeds. Defendant, in turn, filed this timely appeal.

¶ 13　　　　　　　　　　　　　　II. ANALYSIS

¶ 14　On appeal, defendant contends, *pro se*, that the trial court erred in confirming the sale and distribution of proceeds because he owned the 1460 Exposition Avenue property free of encumbrances and the court never allowed him to provide proof of his ownership. Attached to defendant's brief is a bill of sale, which, he claims, shows that he fully paid for and owned the property. Defendant also argues that he had a "warranty deed prepared by the Gil Law Groupe [*sic*]" on December 7, 2020, but he attached only a notary's certification page, which does not describe what is notarized.

¶ 15　In a mortgage foreclosure proceeding, the order confirming the sale operates as the final and appealable order. *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 12. It is the burden of the objecting party to show why a judicial sale of property should not be confirmed. *NAB Bank v. LaSalle Bank, N.A.*, 2013 IL App (1st) 121147, ¶ 9. Section 15-1508 of the Mortgage Foreclosure Law (735 ILCS 5/15-1508 (West 2020)) addresses the confirmation of the judicial

sale of property. This section "has been construed as conferring on the circuit courts broad discretion in approving or disapproving judicial sales, and consequently, a court's decision will not be reversed unless there has been an abuse of discretion." *Cathay Bank v. Accetturo*, 2016 IL App (1st) 152783, ¶ 54. An abuse of discretion occurs where the court's ruling is based on an error of law or where no reasonable person would take the view adopted by the court. *CitiMortgage, Inc. v. Johnson*, 2013 IL App (2d) 120719, ¶ 18.

¶ 16    Here, defendant's only challenge to the confirmation of the sale is that he owned, free of encumbrances, the property that was the subject of the foreclosure action. However, the record on appeal, consisting of the common law record but no report of proceedings, does not indicate that defendant ever raised that issue in the trial court. A party forfeits issues he does not raise in the trial court and may not raise those issues for the first time on appeal. *Taylor v. Brooklyn Boulders, LLC*, 2025 IL App (1st) 231912, ¶ 57. Defendant, as appellant, had the burden to provide a sufficiently complete record of the proceedings to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Without such a record, we presume that any order entered by the trial court conformed with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. Any doubts arising from the record's incompleteness will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. Absent any indication in the record that defendant ever contended in the trial court that he owned the property, that issue is forfeited and cannot be raised for the first time in this court.

¶ 17    Alternatively, we cannot consider the bill of sale included in the appendix to defendant's appellate brief. A party who neglected to submit an item of evidence to the trial court cannot produce that evidence in this court for the first time. *Sylvester v. Chicago Park District*, 179 Ill. 2d 500, 507 (1997). Our considering evidence not submitted in the trial court would be an

improper adjudication *de novo*. See *People v. Hunter*, 2016 IL App (1st) 141904, ¶ 20. Thus, we reject defendant's attempt to rely on the bill of sale to support his contention that he owned the property.

¶ 18 Lastly, even if (1) defendant had not forfeited his contention that he owned the property *and* (2) we could consider the bill of sale, defendant's contention would lack merit. The bill of sale provides, in pertinent part, that Jackelyn David, for consideration of $10, sells to defendant "personal property located on the premises commonly known as 1460 EXPOSITION AVE AURORA, Illinois, to-wit: all items of personal property listed on [the] real estate contract dated 11/2/2020." The bill of sale further states that David "has full right, power and authority to sell said personal property and to make this bill of sale."

¶ 19 Clearly, the bill of sale concerns the sale of *personal* property only. Although the bill of sale mentions the real property at issue here (1460 Exposition Avenue) as the situs of the personal property sold, the bill of sale does not establish who owned the real property. Nor do we know which real property was the subject of the "real estate contract dated 11/2/2000" referenced in the bill of sale. Accordingly, the bill of sale does not support defendant's contention that he owned the real property at issue. Nor, obviously, does the notary certification. Rather, the only evidence properly before this court shows that, because defendant had an outstanding loan on the real property and had executed a mortgage as security for that loan, he did not own the property free of encumbrances. Thus, the trial court did not abuse its discretion in confirming the sale.

¶ 20                                        III. CONCLUSION

¶ 21 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 22 Affirmed.