# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Bank of America, N.A. v. Luca*, 2013 IL App (3d) 120601

---

| | |
|---|---|
| Appellate Court Caption | BANK OF AMERICA, N.A., Plaintiff-Appellee, v. SERGIU LUCA, ELENA LUCA, and THE LAKELANDS ESTATE HOMEOWNERS ASSOCIATION CORPORATION, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-12-0601 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | July 25, 2013<br><br>September 11, 2013<br>September 11, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendants' petition filed pursuant to section 2-1401 of the Code of Civil Procedure, which challenged the order of possession and all of the other orders entered in a foreclosure action filed against them, was properly denied, notwithstanding their contentions that plaintiff's notice of a grace period was sent only to defendant and not his wife and that the 60-day possession order granted by the trial court gave them additional time to file their petition, since a technical defect in the grace-period notice does not necessarily warrant dismissal of a foreclosure action, especially in the absence of any prejudice, as in defendants' case, and in view of the fact that defendants' petition was filed within the 60 days granted by the trial court, section 2-1203 of the Code applied, not section 2-1401, and defendants' petition was not supported by any allegations of prejudice. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 09-CH-3940; the Hon. Richard J. Siegel, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Stephen Richek, of Chicago, for appellants. |
| | Louis J. Manetti, Jr., and Margaret Manetti, both of Codilis & Associates, P.C., of Burr Ridge, for appellee. |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion. Presiding Justice Wright and Justice Lytton concurred in the judgment and opinion. |

## OPINION

¶ 1    The plaintiff, Bank of America, N.A., filed a foreclosure action against the defendants, Sergiu and Elena Luca. The plaintiff filed motions for entry of an order confirming judicial sale and for entry of an order of possession. The circuit court entered the order of possession for the plaintiff, but granted the defendants an extension of possession from 30 days to 60 days. The defendants filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)) challenging the order of possession and all prior orders, which the circuit court denied. After the court denied the defendants' motion to reconsider, the defendants appealed. On appeal, the defendants argue that the circuit court erred when it denied their section 2-1401 petition. We affirm.

¶ 2                                      FACTS
¶ 3    This case originated in the circuit court on September 2, 2009, when the plaintiff filed a foreclosure action against the defendants regarding a home in Plainfield, Illinois. The complaint was preceded by a grace-period notice mailed by the plaintiff in April 2009 to the home, which was addressed only to defendant Sergiu Luca.

¶ 4    In late 2009, the plaintiff mailed a notice to the defendants of a motion for default and judgment for foreclosure. The defendants' answer to the motion provided details on how the home was damaged and why they ceased making payments, acknowledged they had consulted with an attorney, and attached pertinent documents. Subsequently, in spring 2010, the circuit court granted summary judgment for the plaintiff and entered an order for foreclosure and sale. The judicial sale of the property occurred on February 8, 2012.

¶ 5    On March 14, 2012, a hearing was held on the plaintiff's motions for entry of an order confirming judicial sale and for entry of an order of possession. The circuit court granted

both of the motions. However, in doing so, the court said to the defendants, "I am going to give you 60 days possession, which is twice what the law requires, all right? And in that time, maybe you can get a lawyer who will file the appropriate motions and see if we can give you any kind of assistance on this."

¶ 6 Additionally, the circuit court denied defendant Sergiu Luca's motion to vacate the sale, which was essentially premised on an argument that the plaintiff committed "fraud and misrepresentation for misleading us and *** wrongful foreclosure on our home." However, because defendant Sergiu Luca presented no evidence to support those allegations, the court denied the motion.

¶ 7 On May 11, 2012, the defendants filed a petition to vacate pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012)). In the petition, the defendants alleged that the due diligence requirement for section 2-1401 petitions was not an issue because the court had granted them 60 days "to come back to Court with any issues they are able to find." The defendants also alleged that the grace-period notice sent by the plaintiff was defective because it was addressed only to defendant Sergiu Luca and not to defendant Elena Luca as well.

¶ 8 On May 30, 2012, the circuit court held a hearing on the defendants' section 2-1401 petition. The defendants' attorney argued that defendant Elena Luca never received the grace-period notice, and, as such, the foreclosure action could not commence. The circuit court first clarified that the 60-day possession order was intended to give the defendants additional time to resolve the dispute with the plaintiff and that the order had nothing to do with the grace-period notice. Second, the court ruled that the petition failed to meet the due diligence requirement for section 2-1401 petitions. Accordingly, the court denied the petition.

¶ 9 On June 19, 2012, the defendants filed a motion to reconsider, which was denied after a hearing on June 27, 2012. The defendants appealed.

¶ 10 ANALYSIS

¶ 11 On appeal, the defendants argue that the circuit court erred when it denied their section 2-1401 petition. Specifically, they argue that their section 2-1401 petition could not be denied for a lack of due diligence because the trial court had granted them 60 days to return to court with an appropriate motion. The defendants also argue that their petition should have been granted because the grace-period notice was defective due to its failure to include defendant Elena Luca as an addressee.

¶ 12 Our review of the record in this case reveals that despite the fact that the defendants styled their motion as a section 2-1401 petition, it was actually a motion brought pursuant to section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2012)). The final judgment at issue in this case was the circuit court's ruling of March 14, 2012, that confirmed the judicial sale and ordered the plaintiff possession. See *JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App. 3d 254, 260 (2008). When it entered that ruling, the court told the defendants, "I am going to give you 60 days possession, which is twice what the law requires, all right? And in that time, maybe you can get a lawyer who will file the appropriate motions and see if we can give you any kind of assistance on this." In doing so, the court extended the time within

which the defendants could file a postjudgment motion from 30 days to 60 days. With that extension, the motion filed by the defendants in this case on May 11, 2012–which was within the 60-day window–could not have been a petition brought pursuant to section 2-1401 because that section provides a potential remedy only *after* the time for filing a postjudgment motion has expired. See 735 ILCS 5/2-1401(a), (c) (West 2012); *In re Haley D.*, 2011 IL 110886, ¶ 66.

¶ 13    In contrast to section 2-1401, section 2-1203 provides, "[i]n all cases tried without a jury, any party may, *within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof*, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Emphasis added.) 735 ILCS 5/2-1203(a) (West 2012). Because the defendants' motion was filed within the 60-day postjudgment window given by the circuit court, section 2-1203 applies. See *Geisler v. Everest National Insurance Co.*, 2012 IL App (1st) 103834, ¶ 50 ("[t]o determine whether a motion is a proper posttrial motion, we must review the substance of the motion, and not just its title").

¶ 14    When reviewing a motion brought pursuant to section 2-1203, "the appellate court must examine not merely whether the court's order *** represented an abuse of discretion but, rather, whether regarding that order, substantial justice is being done between the parties." *In re Marriage of Sutherland*, 251 Ill. App. 3d 411, 414 (1993). We also note that we can affirm the circuit court's judgment based on any ground supported by the record. *Dookeran v. County of Cook*, 2013 IL App (1st) 111095, ¶ 52.

¶ 15    In part, section 15-1502.5(c) of the Code requires that a grace-period notice inform the mortgagor of certain matters and that it be mailed in an envelope that is "addressed to the mortgagor at the common address of the residential real estate securing the mortgage." 735 ILCS 5/15-1502.5(c) (West 2012). If this and other requirements are not met, a mortgagee is prohibited from filing a foreclosure complaint. 735 ILCS 5/15-1502.5(b) (West 2012). However, a technical defect in the notice sent to the mortgagor will not necessarily warrant a dismissal of a foreclosure action. *Aurora Loan Services, LLC v. Pajor*, 2012 IL App (2d) 110899, ¶ 25.

¶ 16    In *Pajor*, the Second District held that, "[w]here, as here, the mortgagor has alleged only a technical defect in the notice and has not alleged any resulting prejudice, a dismissal of the foreclosure complaint to permit new notice of the grace period would be futile; we would not read the section to require such a result unless its plain language compelled it." *Pajor*, 2012 IL App (2d) 110899, ¶ 27. The Second District further held that nothing in section 15-1502.5 required a flawless grace-period notice before a foreclosure complaint could be filed. *Pajor*, 2012 IL App (2d) 110899, ¶ 28.

¶ 17    In this case, the only argument set forth by the defendants in their motion was that the grace-period notice was defective due to its failure to include defendant Elena Luca as an addressee. Not only did the defendants fail to allege any prejudice in their motion (see *Pajor*, 2012 IL App (2d) 110899, ¶ 27), the record belies any claim that defendant Elena Luca had no knowledge of the grace-period claim. Defendant Sergiu Luca alleged in his written motion to vacate on March 14, 2012, that the plaintiff was liable "for fraud and misrepresentation

for misleading *us* and for wrongful foreclosure on our home." (Emphasis added.) He also stated that, "[t]he reason for all this because they lied us and promise us we are approved for a modification." These statements indicate that both defendants had received the grace-period notice, and even indicate that there had been some dialogue between the defendants and the plaintiff regarding loan modification. Under these circumstances, we find the defendants' grace-period argument to be meritless. Accordingly, we hold that the circuit court did not err when it denied the defendants' postjudgment motion. See *Pajor*, 2012 IL App (2d) 110899, ¶ 28; *Goldberg v. Astor Plaza Condominium Ass'n*, 2012 IL App (1st) 110620, ¶ 73 (stating that "[i]f the process that was utilized did not occur exactly as the statute dictates, the law would not require a futile act to redo the process").

¶ 18                                                    CONCLUSION

¶ 19          For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 20          Affirmed.