2019 IL App (2d) 180451
No. 2-18-0451
Opinion filed September 23, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| U.S. BANK N.A., as Trustee Relating to Chase Funding LLC Mortgage Backed Certificates Series 2006-2, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 09-CH-4751 |
| | ) | |
| WILLIAM GOLD, a/k/a William S. Gold; JULIE GOLD, a/k/a Julie L. Gold; MR. DAVID'S CARPET SERVICE, LTD.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; COUNTRYWIDE HOME LOANS, INC.; LINCOLN PARK SAVINGS BANK; THE UNITED STATES OF AMERICA; and UNKNOWN OWNERS AND NONRECORD CLAIMANTS, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants | ) ) | Honorable Michael B. Betar and |
| (William Gold, a/k/a William S. Gold, Defendant-Appellant). | ) ) | Margaret A. Marcouiller, Judges, Presiding. |

_____

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Zenoff and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant William Gold appeals from the order of the Lake County circuit court granting

summary judgment and a judgment of foreclosure to plaintiff, U.S. Bank N.A., as trustee relating

to Chase Funding LLC Mortgage Backed Certificates Series 2006-2, and the order approving the report of sale and distribution. Defendant contends that his counteraffidavit opposing summary judgment was timely filed and that it properly challenged the sufficiency of plaintiff's notice of default. No argument is raised with respect to the approval of the sale and distribution. For the reasons that follow, we affirm.

¶ 2 　　　　　　　　　　　　　　　　I. BACKGROUND

¶ 3 　　　In 2006, defendants William and Julie Gold secured repayment of a promissory note in the amount of $1,500,000 by executing a mortgage on property in Highland Park, Illinois. Beginning in 2009, defendants defaulted on their monthly payments. In October 2009, plaintiff filed a complaint to foreclose on defendants' mortgage. Defendants answered the complaint, denying plaintiff's allegations.

¶ 4 　　　In 2017, plaintiff moved for summary judgment and a judgment of foreclosure and sale. Hearing on the motions was set for September 6, 2017. That morning, defendant William Gold filed a counteraffidavit, in which he alleged, *inter alia*, that plaintiff's "notice of acceleration/notice of default" did not comply with the notice requirement stated in the mortgage. Specifically, defendant alleged that paragraph 22 of the mortgage required that he be informed "of the right to *assert in the foreclosure proceeding* the non-existence of a default or any other defense of Borrower to acceleration and foreclosure," whereas the notice he received stated "you have the right *** *to bring a court action to assert* the nonexistence of a default or any other defense you may have to the acceleration and *sale*." (Emphases added.) Defendant did not present this point in his response to plaintiff's summary judgment motion or raise it as an affirmative defense.

¶ 5    The trial court ordered additional briefing relative to defendant's counteraffidavit. Plaintiff requested that the court strike the counteraffidavit as untimely and noncompliant with Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013). On October 25, 2017, the court struck defendant's counteraffidavit and granted plaintiff's motion for summary judgment and a judgment of foreclosure. On May 4, 2018, the court entered an order approving the report of sale and distribution and a personal deficiency judgment against defendant in the amount of $1,342,622.19. Defendant filed a motion for leave to file a late notice of appeal on June 11, 2018, which this court granted on June 25. The notice of appeal was filed on June 27, 2018.

¶ 6                                II. ANALYSIS

¶ 7    Defendant requests that this court reverse the order granting summary judgment and the final order approving the report of sale and distribution. We review *de novo* an order granting a motion for summary judgment. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). We review for an abuse of discretion an order approving a sale and distribution. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178-79 (2008). To the extent we also interpret a provision in the mortgage, the interpretation of a contract involves a question of law, which we review *de novo*. *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 54 (2011).

¶ 8    Defendant's only argument on appeal is that the trial court erred in striking his counteraffidavit in opposition to summary judgment as "untimely and conclusory." Defendant argues that the affidavit was timely filed and that it "challenged the sufficiency of plaintiff's notice of default." We agree with defendant that an affidavit may be timely filed at the time of the hearing. See 735 ILCS 5/2-1005(c) (West 2018) ("[t]he opposite party may prior to or at the time of the hearing on the motion file counteraffidavits"). However, we also determine that the affidavit did not comply with Rule 191(a), as it contained a legal conclusion upon which

defendant's entire claim was based. Thus, it was not truly an affidavit but a pleading attempting to raise an affirmative matter. As such, it was untimely and properly stricken.

¶ 9     Rule 191(a) provides, *inter alia*, that an affidavit in opposition to a motion for summary judgment "shall set forth with particularity the facts upon which the *** counterclaim *** is based *** [and] shall not consist of conclusions but of facts admissible in evidence." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013). Defendant avowed in his affidavit that he did not receive a notice of default that complied with the mortgage terms stated in paragraph 22. He explained that the notice stated "you have the right to *** bring a court action to assert the nonexistence of a default or any other defense you may have to the acceleration and sale," whereas paragraph 22 requires the notice to inform the borrower "of the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of borrower to acceleration and foreclosure."

¶ 10     The evidentiary facts pled in defendant's affidavit do not raise a question for the fact finder so as to preclude summary judgment. See *Robidoux v. Oliphant*, 201 Ill. 2d 324, 335 (2002) ("[t]he purpose of summary judgment is not to try a question of fact, but to determine if one exists"); *Harrell v. Summers*, 32 Ill. App. 2d 358, 361 (1961) (the primary purpose of affidavits in summary judgment proceedings is to inform the court whether there is any fact issue worthy of trial). Rather, defendant's facts are recited to imply a legal conclusion that the notice is insufficient under the terms of the mortgage contract. Because the interpretation of a mortgage contract is a question of law for the court (*Cathay Bank v. Accetturo*, 2016 IL App (1st) 152783, ¶ 26), defendant's affidavit was correctly disregarded, as it did not comply with the requirement of Rule 191(a) that the affidavit not contain conclusions.

¶ 11     Moreover, by electing to present his averments only in an ersatz pleading in the form of a conclusory counteraffidavit, defendant forfeited his arguments that the notice he received was

defective. Assuming *arguendo* that the arguments were not forfeited, we find them to be without merit. Defendant argues that plaintiff was not entitled to summary judgment because it improperly accelerated the mortgage. A notice of acceleration has been deemed a condition precedent to foreclosure under Illinois mortgage foreclosure law. *Id.* ¶ 33. However, "a technical defect in the notice sent to a mortgagor will not automatically warrant a dismissal of a foreclosure action." *Id.* ¶ 42 (citing *Bank of America, N.A. v. Luca*, 2013 IL App (3d) 120601, ¶ 15). Moreover, where the mortgagor does not allege any prejudice resulting from a technical defect in the notice, dismissal to permit new notice would be "futile." *Aurora Loan Services, LLC v. Pajor*, 2012 IL App (2d) 110899, ¶ 27; accord *Luca*, 2013 IL App (3d) 120601, ¶ 17; see also *Bank of New York Mellon v. Johnson*, 185 So. 3d 594 (Fla. Dist. Ct. App. 2016) (nonprecedential but on-point case holding that notice advising mortgagor that she " 'may have the right to bring a court action to assert' " defenses, but not informing her that she could bring defenses in the foreclosure action, substantially complied with the mortgage terms where the variation caused no actual prejudice to the mortgagor (emphasis omitted)).

¶ 12   In support of his contention that plaintiff improperly accelerated the mortgage, defendant relies solely on the distinction drawn in his affidavit between bringing a court action to assert the nonexistence of a default or other defense and asserting the same in the foreclosure proceeding. Defendant argues that the statement in the notice of default is "misleading" because the "right to assert a defense within a pending lawsuit is different from the right to file a new action to assert those defenses." Defendant, however, did not allege that he was prejudiced by the default notice, nor does he now argue that he was prejudiced.

¶ 13   Moreover, the record belies any claim that defendant had no knowledge of his "right to assert in the foreclosure proceeding the nonexistence of a default or any other defense *** to

acceleration and foreclosure." Prior to retaining counsel, defendant attempted to cure the default: in his first answer to the foreclosure complaint, filed in November 2009, defendant stated: "I feel very confident that an agreement can be obtained as I am in constant contact with *** the loss mitigation dept. *** We are having a good dialogue and I believe we are close to working out a repayment plan." Subsequently, defendant and his wife, through their attorneys, contested plaintiff's original and amended foreclosure complaints, pled affirmative defenses, issued interrogatories, and otherwise vigorously participated in eight years of foreclosure litigation. In other words, defendant timely availed himself of the ability to assert defenses in the foreclosure proceeding.

¶ 14　Under the circumstances presented, where prejudice is neither alleged nor argued and defendant fully availed himself of the ability to assert defenses in the foreclosure proceeding, the notice defect cited in the affidavit is rendered a technicality, and reversal of the trial court's order based upon prejudicial error in striking the affidavit is not warranted.

¶ 15　Defendant filed no response in the trial court to plaintiff's motion for an order approving the sale and distribution and makes no argument on appeal that the order was improperly entered. Accordingly, we affirm.

¶ 16　　　　　　　　　　　　III. CONCLUSION

¶ 17　For the reasons stated, we affirm the circuit court of Lake County orders striking defendant's counteraffidavit and approving the report of sale and distribution.

¶ 18　Affirmed.

---

**No. 2-18-0451**

---

| | |
|---|---|
| **Cite as:** | *U.S. Bank N.A. v. Gold*, 2019 IL App (1st) 180451 |
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 09-CH-4751; the Hon. Michael B. Betar and the Hon. Margaret A. Marcouiller, Judges, presiding. |
| **Attorneys for Appellant:** | Carla Sherieves, of CMS Law, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Adam A. Price, of Codilis & Associates, P.C., of Burr Ridge, for appellee. |