2020 IL App (1st) 191586-U

SIXTH DIVISION
AUGUST 14, 2020

No. 1-19-1586

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | Appeal from the |
| As Trustee for Master Alternative Loan Trust 2005-6, | ) | Circuit Court of |
| Mortgage Pass-Through Certificates, Series 2005-6, | ) | Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | No. 10 CH 34839 |
| v. | ) | |
| | ) | |
| DELIA CASAQUITE, | ) | Honorable |
| | ) | Gerald Cleary, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Mikva and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*: Judgment of foreclosure and sale affirmed where plaintiff provided notice of default and acceleration and any defects in notice were technical and did not result in prejudice to defendant. Dismissal of defendant's counterclaim affirmed where record was insufficient to review defendant's claim of error.

¶ 2    This case arises out of an August 2010 complaint to foreclose the mortgage of defendant-appellant, Delia Casaquite. The circuit court of Cook County granted summary judgment in favor of plaintiff-appellee U.S. Bank National Association (U.S. Bank) in November 2018. The circuit court also granted U.S. Bank's motion to dismiss Ms. Casaquite's counterclaims with prejudice in

March 2019. Following the sale of the property, the court entered an order approving the sale on July 10, 2019.

¶ 3    On appeal, Ms. Casaquite argues that the court erred in granting summary judgment in favor of U.S. Bank where U.S. Bank failed to provide an adequate notice of default and acceleration and the notice was from the loan servicer, not the lender.  She also argues that there was no proof that the notice was mailed and the court erred in striking her affidavit in which she averred that she never received the notice.  Finally, she maintains that it was error for the court to dismiss her counterclaims without allowing her to conduct depositions.  For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 4                                    BACKGROUND

¶ 5    On August 1, 2005, Ms. Casaquite executed a mortgage which encumbered the property located at 7121 North Karlov Avenue in Lincolnwood. The note reflected a $642,600 loan.  The note also included a provision titled "Acceleration; Remedies," which states, in relevant part:

    "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise).  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration

and the right to assert in the foreclosure proceedings the non-existence of a default or any other defense of Borrower to acceleration and foreclosure."

¶ 6    Ms. Casaquite defaulted on the loan on May 1, 2010.  On July 3, 2010, OneWest Bank, the loan servicer, sent Ms. Casaquite a notice in which it informed her that it serviced her loan and that her loan was in default.  The notice informed Ms. Casaquite how to cure the default, but also warned her that if she did not cure the default, OneWest Bank would accelerate her mortgage and initiate foreclosure proceedings.  The notice concluded that Ms. Casaquite "may have the right to bring a court action to assert the non-existence of a default or any other defense [she] may have to acceleration and foreclosure."

¶ 7    U.S. Bank brought this foreclosure action against Ms. Casaquite on August 12, 2010.  Ms. Casaquite answered the complaint, through counsel, on February 19, 2013.  While Ms. Casaquite admitted that she was the owner and mortgagor of the property, she claimed to lack information regarding the remaining allegations of the complaint.  As an affirmative defense, Ms. Casaquite alleged that U.S. Bank failed to provide her notice of default.

¶ 8    U.S. Bank moved for summary judgment in March 2016. Attached to its motion were affidavits of Forrest McKnight, an employee of OneWest Bank, Trea Rufin, an employee of Ocwen Loan Servicing, the servicer of Ms. Casaquite's loan at the time, and Vanessa Lewis, also an Ocwen employee.  Mr. McKnight averred that the notice informing Ms. Casaquite of her default was sent on or about July 3, 2010 based on his review of the computerized loan record maintained by OneWest Bank in the regular course of its business.  Attached to Mr. McKnight's affidavit was the notice itself as well as a page from the "Collections/Customer Service Loan Activity Archive" showing that the notice was mailed.

¶ 9 On August 4, 2016, four days before Ms. Casaquite's response to U.S. Bank's motion for summary judgment was due, she moved for an extension of time to respond and to depose Mr. McKnight, Ms. Lewis, and Ms. Ruffin. The court granted Ms. Casaquite's motion and set the case for status on November 2, 2016. On that date, the court ordered Ms. Casaquite to conduct the depositions within 30 days.

¶ 10 The parties next appeared in court on November 21, 2016, where Ms. Casaquite moved to compel U.S. Bank to produce Ms. Lewis and Ms. Ruffin for depositions or, alternatively, asked the court to strike their affidavits. Ultimately, Ms. Casaquite withdrew her motion and U.S. Bank was granted leave to amend its motion for summary judgment.

¶ 11 In U.S. Bank's amended motion, filed on May 1, 2017, it again attached the affidavits of Mr. McKnight and Ms. Lewis, but also added the affidavit of Sony Prudent, a senior loan officer for Ocwen, along with a supplemental loss mitigation affidavit.

¶ 12 Ms. Casaquite moved for an extension of time to respond to U.S. Bank's motion arguing that she needed to depose Mr. Prudent and the other affiants. The trial court denied Ms. Casaquite's motion in a written order on October 19, 2017. The order did not state the basis for the denial and no transcript of the hearing is included in the record on appeal.

¶ 13 Several months later, Ms. Casaquite responded to U.S. Bank's motion for summary judgment. Her response included an affidavit dated January 18, 2018, which stated, *inter alia*, that she did not receive a notice of default and acceleration from U.S. Bank. Because the affidavit was not signed by Ms. Casaquite, but instead by an unknown individual "as POA for Delia Casaquite," U.S. Bank moved to strike the affidavit.

¶ 14 In response to U.S. Bank's motion to strike the affidavit, Ms. Casaquite produced a power of attorney form that she executed on June 12, 2018. The form purports to give Romeo Casaquite, Ms. Casaquite's brother, power of attorney with respect to the Lincolnwood property, including the power to execute "any affidavits needed for litigation involving the real property." The power of attorney stated that it "shall be deemed to have been effective on July 1, 2010."

¶ 15 Ms. Casaquite filed a cross-motion for summary judgment on May 1, 2018, arguing that the notice of default and acceleration was deficient because (1) it was sent by the loan servicer rather than the lender; and (2) the notice erroneously stated that she could "bring a court action" to assert defenses to the foreclosure, when in fact, the mortgage provided that she could assert defenses to foreclosure in the foreclosure proceeding itself. Finally, Ms. Casaquite argued that U.S. Bank failed to prove it sent the notice in the first place.

¶ 16 Ms. Casaquite also filed a 14-count counterclaim with leave of court on May 9, 2018, which U.S. Bank moved to dismiss. All 14 counts were premised on U.S. Bank's alleged failure to serve the notice of default and acceleration.

¶ 17 On November 15, 2018, the court heard arguments on the cross-motions for summary judgment, U.S. Bank's motion to strike Ms. Casaquite's affidavit, and U.S. Bank's motion to dismiss Ms. Casaquite's counterclaim. The court ruled in favor of U.S. Bank on all motions, but dismissed Ms. Casaquite's counterclaim without prejudice. The same day, the court entered a judgment of foreclosure and sale.

¶ 18 Ms. Casaquite repleaded her counterclaims in January 2019 and the court ultimately dismissed them with prejudice in March 2019. A judicial sale of the property was held, and the court entered an order confirming the sale on July 10, 2019. Ms. Casaquite timely appealed.

¶ 19                                                ANALYSIS

¶ 20    We note that we have jurisdiction to review this matter, as Ms. Casaquite filed a timely

notice of appeal following the order confirming the sale of the property. Ill. S. Ct. R. 301 (eff. Feb.

1, 1994); R. 303 (eff. July 1, 2017).

¶ 21                               I. Ms. Casaquite's Motion for Summary Judgment

¶ 22    Ms. Casaquite initially challenges the trial court's denial of her motion for summary

judgment on two grounds.  First, Ms. Casaquite contends that the July 3, 2010 notice of default

and acceleration failed to comply with a condition precedent.  Specifically, she argues that

paragraph 22 of the mortgage required her to be notified that she could bring evidence that she was

not in default or assert a defense to foreclosure *in the foreclosure proceedings*.  But the July 3,

2010 letter informed her that she needed to "*bring a court action*" to assert any defenses.

¶ 23    Ordinarily, a party must strictly comply with a condition precedent, such as a notice of

acceleration, in order to seek enforcement of a contract. *Cathay Bank v. Accetturo*, 2016 IL App

(1st) 152783, ¶¶ 32-33.  However, in the context of a mortgage contract, a technical defect in the

notice sent to the mortgagor does not preclude enforcement of the contract. *Id.* ¶ 42 (citing *Bank

of America, N.A. v. Luca*, 2013 IL App (3d) 120601, ¶ 15.  Where there is no prejudice resulting

from a technical defect, dismissing the foreclosure complaint or vacating the foreclosure to permit

new notice is futile. *Aurora Loan Services, LLC v. Pajor*, 2012 IL App (2d) 110899, ¶ 27.

¶ 24     In *U.S. Bank N.A. v. Gold*, 2019 IL App (2d) 180451, this court was confronted with the

same "defect" Ms. Casaquite alleges here.  In that case, the defendant argued that the notice of

acceleration he received from the plaintiff was "misleading" because it informed him that he could

raise defenses to foreclosure in a "new action" as opposed to in the foreclosure proceedings. *Id.* ¶

12. We held that where the defendant did not allege that he was prejudiced by this language, it was a technical defect that did not preclude enforcement of the mortgage contract. *Id.* The same is true here: Ms. Casaquite has never argued that she was prejudiced by the notice. Indeed, just as the defendant in *Gold*, Ms. Casaquite likewise was aware that she could bring defenses to foreclosure in the foreclosure proceedings, given that she did, in fact, raise defenses in her answer to the foreclosure complaint. For this reason, we conclude that to the extent there was a defect in the notice, it was merely technical, and absent a showing of prejudice, it provides no basis to afford Ms. Casaquite the relief she seeks.

¶ 25    Second, Ms. Casaquite argues that the notice of default and acceleration should have been sent by the lender rather than the loan servicer. In support, Ms. Casaquite points to paragraph 20 of the mortgage document, which states that "[n]either Borrower nor Lender may commence, join, or be joined to any judicial action *** until such Borrower or Lender has notified the other party ***." But the mortgage document further states that the loan servicer may collect payments due under the mortgage as well as "perform[] other mortgage loan servicing obligations." While the mortgage does not define "loan servicing obligations," Illinois law allows the loan servicer to be the foreclosure plaintiff on behalf of the lender or actual mortgage holder. *CitiMortgage, Inc. v. Moran*, 2014 IL App (1st) 132430, ¶ 41. If the loan servicer is permitted to file suit to foreclose the mortgage, there is no reason why the servicer should not also be permitted to send the pre-suit notice of default as part of its loan servicing obligations.

¶ 26    In any event, to the extent the notice was defective because it came from the loan servicer, again Ms. Casaquite does not allege how she suffered prejudice by receiving the letter from the loan servicer, OneWest Bank. The letter clearly informed her that OneWest Bank was the servicer

of the loan for the Lincolnwood property and contained all the required information under paragraph 22 of the mortgage document. Therefore, it was not error for the trial court to reject Ms. Casaquite's claim that the notice was defective on this basis.

¶ 27                                     II. U.S. Bank's Motion for Summary Judgment

¶ 28    Ms. Casaquite next challenges the entry of summary judgment in favor of U.S. Bank. Summary judgment is appropriate only when "the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 20 (quoting 735 ILCS 5/2-1005(c) (West 2008)). Where, as here, the parties have filed cross motions for summary judgment, they concede that there is no issue of fact and invite the court to decide the case as a matter of law. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. We review *de novo* an order granting summary judgment. *Nationwide Financial, LP v. Pobuda*, 2014 IL 116717, ¶ 24.

¶ 29    Ms. Casaquite argues that the court erred in granting summary judgment to U.S. Bank where it failed to provide admissible proof that it mailed the notice of acceleration. Specifically, Ms. Casaquite contends that the affidavit of Mr. McKnight did not lay an adequate foundation for the business records showing that the required notice was mailed to Ms. Casaquite.[1] According to Ms. Casaquite, Mr. McKnight's role as an "assistant secretary" for OneWest Bank, did not afford him personal knowledge that the records regarding the mailing of the notice were created or sent.

---

[1] Ms. Casaquite also challenges the admission of Sony Prudent's affidavit insofar as it contained averments regarding the mailing of the notice, but the circuit court *struck* those portions of Mr. Prudent's affidavit and considered only Mr. McKnight's affidavit as proof of mailing. Accordingly, we need not address Ms. Casaquite's challenge to Mr. Prudent's affidavit.

Nor did Mr. McKnight aver that the computer system, the source of the records, was reliable or standard in the industry.

¶ 30    Two Illinois supreme court rules are relevant in resolving this issue: Rule 191(a), governing affidavits in support of, or in opposition to, summary judgment, and Rule 236, codifying the business records exception to the hearsay rule.

¶ 31    Illinois Supreme Court Rule 191(a) requires, in relevant part, that affidavits in support of summary judgment must be made on the personal knowledge of the affiant and consist of facts admissible in evidence rather than conclusions. Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013). If, considering the document as a whole, it appears the affidavit is based on personal knowledge of the affiant and there is a reasonable inference the affiant could testify to the affidavit's contents at trial, Rule 191 is satisfied. *Kugler v. Southmark Realty Partners III*, 309 Ill App. 3d 790, 795 (1999).

¶ 32    Illinois Supreme Court Rule 236 states as follows:

"Any writing or record, whether in the form of any entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility." Ill. S. Ct. R. 236(a) (eff. Aug. 1, 1992).

A party may lay a foundation for business records not only by testimony (or affidavit) of the records custodian, but also another person "familiar with the business and its mode of operation." *Bank of America, N.A. v. Land*, 2013 IL App (5th) 120283, ¶ 13 (quoting *In re Estate of Weiland*, 338 Il. App. 3d 585, 600 (2003)). Significantly, under this rule, it is the business record itself, rather than the testimony of a witness referring to the record, that is admissible. *Cole Taylor Bank v. Corrigan*, 230 Ill. App. 3d 122, 130 (1992). We review the admission of business records for an abuse of discretion. *Land*, 2013 IL App (5th) 120283, ¶ 13

¶ 33     Here, Mr. McKnight averred that he was familiar with OneWest Bank's business practices and reviews the Bank's business records as a function of his employment. He went on to explain that OneWest Bank creates and mails written notice of default and acceleration to mortgagors, postage prepaid, to the mortgagor's address associated with the account. Mr. McKnight averred that he had personal knowledge that OneWest Bank regularly uploads and saves electronic copies of notice letters to a computerized loan record contemporaneously with the creation and mailing of the letters. As an employee, Mr. McKnight averred that he had the training and authorization to access documents in OneWest Bank's file-tracking and image-storing system.

¶ 34     The letter mailed to Ms. Casaquite, as well as a copy of the front of the postage-prepaid envelope, was attached to Mr. McKnight's affidavit. Mr. McKnight also attached the file-tracking record indicating that the letter was mailed on July 3, 2010. While Mr. McKnight may not have had personal knowledge of the creation or mailing of the letter, this goes to the weight of the records, not their admissibility. See Ill. S. Ct. R. 236(a); see also *U.S. Bank National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 29. And Mr. McKnight *did* have personal knowledge of the

system and practice at OneWest Bank to keep electronic copies of notices it sent to mortgagors, satisfying the requirements of Rule 191(a).

¶ 35    With regard to Mr. McKnight's failure to aver that the computer equipment that produced the record is standard in the industry—a requirement for computer-generated records (*Avdic*, 2014 IL App (1st) 121759, ¶ 25)—this failure goes to the weight rather than the admissibility of the evidence (see Ill. S. Ct. R. 236(a)). Given that Mr. McKnight averred that the records were created contemporaneously with the mailing of the letter and that he was familiar with the software used, we cannot say it was an abuse of discretion for the trial court to conclude that the notice satisfied the business records exception notwithstanding his failure to aver that the computer system was reliable or standard in the industry.

¶ 36    Ms. Casaquite also maintains that the court improperly struck her counter-affidavit attached to her response to U.S. Bank's motion for summary judgment wherein she averred that she never received the notice of acceleration.  We review *de novo* a trial court's decision on a motion to strike an affidavit in conjunction with a motion for summary judgment.  *Bayview Loan Servicing, LLC v. Szpara*, 2015 IL App (2d) 140331, ¶ 18.

¶ 37    Ms. Casaquite's affidavit averring that she never received notice of acceleration was signed by her brother, Romeo Casaquite, as "POA for Delia Casaquite."  However, at the time the affidavit was executed on January 18, 2018, there was no written power of attorney supporting Mr. Casaquite's claim that he possessed a legal power of attorney for his sister.  Ms. Casaquite did not execute a short form power of attorney until almost six months later, on June 12, 2018.  The June 12 power of attorney purported to be effective retroactively to July 1, 2010. But, as U.S. Bank points out, there is no authority for the proposition that a power of attorney can be applicable

retroactively. Indeed, the Illinois Power of Attorney Act (Power of Attorney Act) requires the insertion of a *future* date or event during which the power of attorney will take effect. 755 ILCS 45/3-3(6) (West 2018).

¶ 38    Moreover, the Power of Attorney Act requires the notarized signature of a witness to the signing of the form. 755 ILCS 45/3-3.6(a) (West 2018)). This witness is required to certify that he is not a "parent, sibling, or descendent, or any spouse of such parent, sibling, or descendent of either the principal or any agent or successor agent under the foregoing power of attorney, whether such relationship is by blood, marriage, or adoption." 755 ILCS 45/3-3(d)(11); see also 755 ILCS 45/3-3.6(a)(2).

¶ 39    In this case, the witness to the power of attorney is "Mark Casaquite," who made no such certification disclaiming any relationship with Ms. or Mr. Casaquite. For these reasons, we agree with the trial court that the power of attorney was ineffective to confer authority to Mr. Casaquite to sign Ms. Casaquite's affidavit on her behalf, and as such, the affidavit was invalid and properly stricken.

¶ 40    In arguing to the contrary, Ms. Casaquite maintains that the trial court's reliance on the written power of attorney was erroneous when "the true test" was whether Mr. Casaquite had "actual or apparent" authority to sign on Ms. Casaquite's behalf. But Ms. Casaquite did not raise this argument in the trial court. Instead, she maintained that the short form power of attorney was adequate to provide Mr. Casaquite with the authority to execute the affidavit. Because Ms. Casaquite did not make an agency argument in the trial court, we conclude that she has forfeited that argument on appeal. See *In re Estate of Chaney*, 2013 IL App (3d) 120565, ¶ 8 ("[I]ssues,

theories, or arguments not raised in the trial court are forefeited and may not be raised for the first time on appeal.").

¶ 41                                        III. Ms. Casaquite's Counterclaims

¶ 42    U.S. Bank moved to dismiss Ms. Casaquite's counterclaims under section 2-619.1 of the Code of Civil Procedure, which permits section 2-615 and section 2-619 motions for dismissal to be filed together.  735 ILCS 5/2-619.1 (West 2018).  While the trial court did not specify under which section of the Code it was dismissing Ms. Casaquite's counterclaim, we may affirm the dismissal on any basis appearing in the record.  See *CNA International, Inc. v. Baer*, 2012 IL App (2d) 112174, ¶ 31 (quoting *Zerjal v. Daech & Bauer Construction, Inc.*, 405 Ill. App. 3d 907, 910-11 (2010)).  Our review of dismissal under both sections 2-615 and 2-619 is *de novo*.  *Mauvais-Jarvis v. Wong*, 2013 IL App (1st) 120070, ¶ 63.

¶ 43    Here, the 14 counts in Ms. Casaquite's counterclaim were all premised on U.S. Bank's alleged failure to send the required notice under paragraphs 20 and 22 of the mortgage prior to instituting foreclosure proceedings. The trial court concluded that because it found that the required notice *was* sent, the counterclaims should be dismissed.  Because we likewise conclude that U.S. Bank sent the requisite notice pursuant to the terms of the mortgage, *supra* ¶¶ 32-33, we affirm the dismissal of Ms. Casaquite's counterclaims.

¶ 44                                        IV. Discovery Ruling

¶ 45    Finally, Ms. Casaquite argues that the trial court erred in denying her motion for additional discovery pursuant to Illinois Supreme Court Rule 191(b), where she sought leave to depose the affiants who submitted affidavits in support of U.S. Bank's motion for summary judgment.  The trial court has "great latitude" in ruling on discovery motions.  *Crichton v. Golden Rule Insurance*

*Co.*, 358 Ill. App. 3d 1137, 1150 (2005). We will not disturb a trial court's ruling on discovery matters absent an abuse of discretion. *Id.* A trial court abuses its discretion where its ruling is arbitrary, fanciful or unreasonable, or where no reasonable person would accept the view adopted by the trial court. *Motorola Solutions, Inc. v. Zurich Insurance Co.*, 2015 IL App (1st) 131529, ¶ 138.

¶ 46    In this case, the trial court denied Ms. Casaquite's motion for an extension of time to conduct Rule 191(b) depositions on October 19, 2017. But the order did not specify the basis for the court's decision, nor is there a transcript of the hearing on Ms. Casaquite's motion. It is the appellant's burden to provide a complete record on appeal to support claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In the absence of that record, we must presume that the trial court's order conformed to the law and that it had a sufficient factual basis. *Id.* This presumption applies with particular force when we are reviewing a decision for an abuse of discretion. *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 22. We cannot determine whether the trial court abused its discretion without evidence of the trial court's rationale for its ruling. Because no evidence was provided, we affirm the trial court's decision to deny Ms. Casaquite's motion for extension of time to conduct depositions.

¶ 47                                CONCLUSION

¶ 48    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 49    Affirmed.